

**THE CITY OF NEW YORK**

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MATTHEW WEIR**<br>*Assistant Corporation Counsel*<br>Tel.: (212) 676-1347<br>Fax: (212) 788-9776<br>mweir@law.nyc.gov |

November 10, 2009

**VIA E.C.F.**
Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, N.Y. 11201

    Re: <u>Maksim Rabayev v. City of New York, et. al.</u>, 07 Civ. 05001 (SJF) (JO)

Your Honor:

  I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants in the above-referenced matter. Defendants respectfully request that the Court compel plaintiff to provide defendants with releases relating to his police, medical, tax and employment records. These releases were all requested as part of defendants First Set of Interrogatories and Document Requests, which were served on January 22, 2009. (See Excerpts from Plaintiff's Responses and Objections to Defendants' Discovery Requests, annexed hereto at Exhibit "A"). Moreover, at plaintiff's deposition, on October 2, 2009, I renewed defendants' requests for these releases, and thereafter spoke with plaintiff's counsel on at least two occasions regarding whether plaintiff would execute and produce the releases. On October 28, 2009, I set forth the basis for defendants' requests in a letter to plaintiff's counsel. On November 2, 2009, the parties met and conferred, during which time plaintiff's counsel objected to production of releases relating to records sealed pursuant to N.Y. C.P.L. § 160.50, plaintiff's medical insurance carriers, and records relating to any psychiatric treatment plaintiff has received since reaching the age of eighteen in 2004. While plaintiff's counsel expressed his consent with respect to production of releases for records relating to his tax returns, Medicaid coverage, medical care, and employment, plaintiff has not yet produced them, nor has he provided a date certain when he will do so.

**I.**  <u>**§ 160.50 Release**</u>

  Defendants respectfully request that plaintiff be compelled to produce a release for records sealed pursuant to N.Y. C.P.L. § 160.50, so that defendants can obtain records of all of plaintiff's prior arrests and prosecutions. Plaintiff has brought claims for false arrest and malicious prosecution, and claims that he suffered psychological damages as a result. Specifically, plaintiff claims mental anguish, shame, humiliation, indignity and damage to reputation, and that he was "tormented by the situation." (Exh. A at Interrogatory No. 4; Excerpts from Plaintiff's Deposition,

annexed hereto at Exhibit "B," at 31, ¶ 15 – 32, ¶ 5). As such, information regarding prior and subsequent arrests are likely to be admissible at trial to mitigate or controvert damages on that claim. See Schiller v. City of New York, 04 Civ. 7922 (KMK)(JCF), 04 Civ. 7921 (KMK)(JCF), 05 Civ. 8453 (KMK)(JCF), 2006 U.S. Dist. Lexis 88854, at *24-*25, *25 n.9 (S.D.N.Y. Dec. 7, 2006) (compelling § 1650.50 release for all prior arrests, as well as subsequent arrests, in false arrest case, since information about prior and subsequent arrests is relevant to the issue of damages for emotional distress); Wilson v. City of New York, 06 Civ. 229 (ARR)(VVP), 2006 U.S. Dist. Lexis 90050, at *1-*2 (E.D.N.Y. Dec, 13, 2006) (compelling production of § 160.50 release for all prior arrests since prior arrests are relevant to mitigate damages). In fact, in compelling the production of a § 160.50 release for all of plaintiff's prior arrests, the court in Wilson held that "[c]learly, it could be credibly argued that one who has had a number or prior arrests and detentions is likely to have suffered less distress than one who has never before been detained. The request for such information is therefore reasonably calculated to lead to evidence admissible at trial." 2006 U.S. Dist. LEXIS 90050, at *1-*2. Moreover, because plaintiff could not definitively state the number of times he has been arrested and the details of those arrests (Exhibit B, at 33, ¶ 13 – 36, ¶ 14), a release for all of his prior arrests is further justified.

Defendants also note that plaintiff should not be permitted to successfully assert a privacy interest in these sealed records, since plaintiff has put his past arrests at issue by bringing claims for false arrest and malicious prosecution, and by asserting a claim for emotional damages, including damage to reputation and humiliation. Cf. Lehman v. Kornblau, 99 Civ. 6517 (ADS)(WDW), 206 F.R.D 345, 347 (E.D.N.Y. Sept. 24, 2001) ("New York State law does not govern discoverability and confidentiality in federal civil rights actions, and . . . state privacy rules . . . should never be permitted to 'frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.") (internal citations omitted); Taylor v. New York City Transit Auth., 131 A.D.2d 460, 462, 516 N.Y.2d 237 (N.Y. App. Div. 2d Dep't 1987) (§ 160.50 "which is intended to protect an accused, may not be used by him as a sword to gain an advantage in a civil action"). Accordingly, defendants respectfully request that the Court compel plaintiff to produce a § 160.50 release so that defendants may be able to access his arrest records.

## II.     Medicaid, Insurance Carrier, Medical and Psychological Records

Defendants respectfully request that the plaintiff be compelled to produce releases for his Medicaid and insurance carrier records, any psychiatric records for the past 10 years, and medical records associated with any prior injuries. In this case, plaintiff claims damages for physical injuries, including permanent and ongoing injuries to his right thumb, back, neck and ribs. However, it appears that plaintiff may have suffered injuries as a result of a prior car accident in 2004, some of which may have been permanent by the time of the incident alleged in the complaint. (See Exh. A, Response to Interrogatory No. 11, at; Exh. B, at 42 ¶¶ 6-21). As such, defendants seek access to records relating to prior medical treatment so that they can determine whether plaintiff's alleged injuries resulted from the underlying incident or from some other source unrelated to this lawsuit. Plaintiff testified in his deposition that he was previously treated for various physical injuries suffered during a car accident approximately three years before the incident in this case. (Exh. B, at 41, ¶ 9 – 43, ¶ 21). Plaintiff has not produced any records associated with such treatment, nor has he provided a release for any such records. Plaintiff has stated, however, that he has received coverage for his medical care under both Medicaid and a private insurer. (Exh. A, at Response to Interrogatory No. 11; Exh. B, at 9, ¶¶ 9-12) Thus, releases for records maintained by Medicaid and plaintiff's medical insurance carrier are necessary to ascertain the nature and extent of plaintiff's prior injuries and treatment. Additionally, because plaintiff is seeking damages, defendants are entitled to discovery of the types of claims plaintiff has made in the past and the amount, if any, of benefits and/or payments plaintiff has received from collateral sources.

With respect to defendants' request for releases for any psychiatric treatment received by plaintiff, defendants maintain that such records are relevant and necessary to determine the nature, extent and cause of plaintiff's alleged injuries. See, e.g., Bridges v. Eastman Kodak Co., 850 F. Supp. 216, 222-223 (S.D.N.Y. 1994). Plaintiff's counsel objected to production of such releases on the grounds that such releases may not be compelled where an emotional distress claim is merely "garden variety." However, throughout his amended complaint, plaintiff alleges that he suffered "terror, humiliation, damage to reputation and other psychological injuries" as well as "traumatic stress, post traumatic stress disorder, mental anguish . . . shame, humiliation and indignity." (Amended Complaint, annexed hereto as Exhibit "C" at ¶¶ 32, 39, 54, 64, 84, 90, 96). Additionally, in the "injury and damages" portion of his amended complaint, plaintiff asserts that he "experienced severe emotional . . . distress" (Exh. C at 14-15), and at his deposition plaintiff testified that this emotional distress made it difficult for him to "do anything," including work. (Exh. B at 31, ¶ 15 -32, ¶ 5). As these allegations clearly go beyond "garden variety" claims, plaintiff has put his prior psychological history at issue and plaintiff cannot use the psychotherapist privilege as both a sword and a shield.[1] See Consol. RNC Cases, 2009 U.S. Dist. LEXIS 40293, at *20-*31 (S.D.N.Y. Jan. 8, 2009) (affirming Magistrate's Order compelling production of mental health records and dismissal of claims for emotional distress as sanction for failure to produce records since plaintiffs alleged, *inter alia*, "severe emotional distress, emotional injuries, psychological harm, mental anguish, mental injury, embarrassment, humiliation, shock, fright, and apprehension" and thus they "do not fit within the category of mere 'garden variety claims' as discussed in [Sims v. Blot, 534 F.3d 117 (2d Cir. 2008)].") In addition, plaintiff has testified that he received psychiatric treatment before the incident, despite failing to disclose this treatment in his response to defendants Interrogatories and Document Requests (Exh. A, at Response to Interrogatory No. 7 and Document Request No. 3; Exh. B at 50, ¶¶ 11-17). Accordingly, defendants respectfully request that plaintiff be compelled to produce releases for his mental health records.

### III.   Employment and Tax Records

With respect to releases for plaintiff's employment and tax records, such releases are necessary to investigate plaintiff's claim of lost wages as a result of his arrest and prosecution. (Exh. B, at 19, ¶ 13 – 20, ¶ 11; Exh. A at Response to Interrogatory No. 4). See also Robinson v. United States, 205 F.R.D. 104, 106 (W.D.N.Y. 2001) (compelling production of employment records as relevant to lost wages claim). Without plaintiff's tax releases and employment records, defendants cannot properly evaluate plaintiff's claims, nor can plaintiff establish his lost income claim. These records may also lead to the discovery of admissible evidence as to the nature, extent and duration of plaintiff's purported emotional and psychological injuries, as plaintiff has recently testified that his injuries caused him to miss work on various dates. (See Plaintiff's Deposition dated Nov. 2, 2009, transcript forthcoming).

### IV.   Other Matters

In addition, defendants write to inform the Court that, on November 4, 2009, plaintiff served notices of deposition for two additional witnesses in this matter. However, due to a previously

---

[1] Defendants note that plaintiff failed to assert the pyscho-therapist privilege, or any other privilege, in his objections to defendants' document requests (Exh. A at Response to Document Request Nos. 3 and 11), and thus it has been waived. See, e.g., Eldaghar v. City of N.Y. Dep't of Citywide Admin. Services, 02 Civ. 9151 (KMW)(HBP), 2003 U.S. Dist. LEXIS 19247, at *2 (S.D.N.Y. Oct. 20, 2003) ("The law is well settled that a failure to assert objections to a discovery request in a timely manner operates as a waiver.") (collecting cases).

3

scheduled vacation the week of November 16, 2009, I will be unable to attend the depositions as noticed and thus expressed my objection to plaintiff's counsel.  As discovery is currently scheduled to close on November 23, 2009, defendants object to this notice on the grounds that plaintiff's counsel was notified of the scheduled vacation and has known the identity of these witnesses for at least four months.  Plaintiff's counsel has requested that defendants consent to a brief extension of discovery so that these depositions may be completed.  Since such an extension would be due, in part, to my vacation during the week of November 16, 2009, defendants would consent to such an extension should the Court be inclined to grant it.  To that end, the parties have tentatively scheduled these depositions for December 3, 2009; as such, should an extension be granted, the defendants respectfully request that it be extended until December 3, 2009.  The parties believe that such an extension would not necessitate any other changes to the deadlines in this matter.

        I thank the Court for its time and consideration of these requests.

        Respectfully submitted,

          s/
        Matthew Weir
        Assistant Corporation Counsel

cc:    David A. Zelman, Esq. (via E.C.F.)
        Attorney for Plaintiff
        612 Eastern Parkway
        Brooklyn, New York 11225